■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANA MARIA VALENTINA IBANEZ Y HERNANDEZ, Respondent, v. CARLOS CORTES Y MARTINEZ, Also Known as CARLOS MARTINEZ CORTES, Appellant.— Judgment, Supreme Court, New York County, entered on February 14, 1973, unanimously modified, in the exercise of discretion, to provide that the petitioner shall make arrangements for the boy's continued attendance at St. Bernard's Parochial School until the end of the present school term. During this period of time, ending about the middle of June, 1973, visitation provisions of the judgment shall continue in effect. At the end of this period, pursuant to the judgment and adhering to its directions, the petitioner may depart with the child to Spain, if she so chooses. As so modified, the judgment is affirmed, without costs and without disbursements. Settle order on notice. Concur — Stevens, P. J., Nunez, Murphy, Tilzer and Capozzoli, JJ.

■ In the Matter of MARION ROLLER, Appellant, v. BOARD OF HIGHER EDUCATION IN THE CITY OF NEW YORK et al., Respondents.— Order, Supreme Court, New York County, entered on December 1, 1972, and judgment of said court entered thereon on December 29, 1972, affirmed, without costs and without disbursements. Concur — Nunez, J. P., Murphy, Lane and Capozzoli, JJ.; Kupferman, J., dissents in the following memorandum: Inasmuch as a serious question is presented with respect to tenure (*Perry* v. *Sinderman,* 408 U. S. 593; *Board of Regents* v. *Roth,* 408 U. S. 564; *Legislative Conference of City Univ. of N. Y.* v. *Board of Higher Educ. of City of N. Y.,* 38 A D 2d 478, affd. 31 N Y 2d 926), the bar of CPLR 217 against this article 78 proceeding ought to have firmer underpinnings. If the college reserved the right to reconsider at the end of the semester, " on or about June 8 " could very well include June 12, and inasmuch as the proceeding commenced on October 11, it would be timely.

■ WILLIAM PELLEGRIN, as Administrator of the Estate of LILLIAN PELLEGRIN, Deceased, et al., Respondents, v. NICOLA DE VITO, Appellant.— Judgment, Supreme Court, Bronx County, entered October 25, 1972, unanimously modified, on the law and on the facts, and a new trial granted upon the cause of action for conscious pain and suffering, with $60 costs and disbursements to abide the event, and otherwise affirmed, unless the plaintiff administrator, within 20 days of service upon him by defendant-appellant of a copy of the order entered herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict on the cause of action for conscious pain and suffering to $7,500 and to the entry of an amended judgment in accordance therewith, in which event the judgment as so amended and reduced is unanimously affirmed, without costs and without disbursements. In our opinion the amount awarded by the jury for pain and suffering was excessive and a verdict in excess of the amount indicated is not warranted on this record. Concur — Markewich, J. P., Kupferman, Lane, Steuer and Tilzer, JJ.

■ ALEXANDER PICOZZI, Appellant, v. DIANE PICOZZI, Respondent.— Order, Supreme Court, Bronx County, entered on July 18, 1972, unanimously affirmed; and order of said court, entered on December 26, 1972, unanimously affirmed. Plaintiff may purge himself of contempt by paying the fine of $750 to the attorney for the defendant at his office within 10 days after service by the defendant upon the attorney for the plaintiff of a copy of the order entered herein, with notice of entry. Respondent shall recover of appellant one bill of $40 costs and disbursements of these appeals. No opinion. Concur — Nunez, J. P., Kupferman, Lane, Steuer and Capozzoli, JJ.